UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BETTY ACKERMAN**                         **CASE NO. 2:22-CV-01662**

**VERSUS**                                 **JUDGE JAMES D. CAIN, JR.**

**PENN NATIONAL GAMING INC ET AL**         **MAGISTRATE JUDGE KAY**

<u>**MEMORANDUM RULING**</u>

Before the Court is a Motion for Summary Judgment (Doc. 16) filed by Defendants Penn National Gaming, Inc. and PNK (Lake Charles), LLC d/b/a L'Auberge du Lac ("L'Auberge"). Plaintiff Betty Ackerman opposes the motion. Doc. 18. Defendants have replied. Doc. 21.

## I. <u>BACKGROUND</u>

This lawsuit arises out of a slip-and-fall in the women's bathroom at L'Auberge on April 17, 2021.[1] Plaintiff allegedly slipped on a wet substance in the front desk women's bathroom at L'Auberge yet did not see the substance on the floor prior to the fall.[2] Tiana Anderson, then employed as a bathroom porter, was present in the front desk women's bathroom and witnessed Plaintiff's fall.[3] On April 14, 2022, Plaintiff filed suit it the 14th Judicial District Court, Parish of Calcasieu, Louisiana, against Defendants for damages

---

[1] Doc. 1-2, p. 1.
[2] Doc. 16-3, pp. 1–2.
[3] Doc. 16-6.

Page **1** of **6**

sustained from the fall.[4] On June 15, 2022, Defendants removed the action to this Court under diversity jurisdiction.[5]

## II. **LEGAL STANDARD**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

---

[4] *Id.*
[5] Doc. 1.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.  LAW & ANALYSIS

Defendants argue that Plaintiff failed to make a showing sufficient to establish a cause of action under Louisiana Revised Statues section 9:2800.6, *i.e.*, that Defendants had actual or constructive knowledge of the condition prior to Plaintiff's accident or that Defendants created the hazard.[6] Plaintiff claims that her deposition testimony and Ms. Anderson's affidavit prove that water was on the floor and that Ms. Anderson, the bathroom porter, gave L'Auberge constructive notice of the unreasonable risk of harm, which are sufficient to deny Defendants' motion for summary judgment.[7]

Section 9:2800.6 provides:

> A.  A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.  This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B.  In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss

---

[6] Doc. 16-1, p. 3.
[7] Doc. 18, pp. 2–3.

sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1)  The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2)  The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3)  The merchant failed to exercise reasonable care.  In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.  The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

Plaintiff's deposition testimony indicates that she never saw any water on the floor in the bathroom.[8] Plaintiff also states that she does not remember the fall, how she fell, or if she fell.[9] Plaintiff's deposition testimony reveals that she observed that the back of her pants were wet only when she got to her car.[10] Ms. Anderson's affidavit indicates that she observed Plaintiff misplace her hand on the counter top causing her to lose her balance and fall to the floor.[11] Mr. Anderson also stated that she inspected the floor after the incident,

---

[8] Doc. 18-2, p. 42.
[9] *Id.*
[10] *Id.* at 42–43.
[11] Doc. 16-6, p. 1–2.

and there was no water, moisture, urine, alcoholic beverage, and/or any liquid substance on the floor.[12]

When the nonmovant bears the burden of proof at trial, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery an upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Pennington v. Vistron Corp.*, 876 F.2d 414, 427 (5th Cir. 1989). In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23 (quotations omitted). Plaintiff has failed to prove, with summary judgment evidence, the existence of a condition that presented an unreasonable risk of harm and that this condition existed for a period of time sufficient to impart constructive notice on the Defendants. First, for claims under Section 9:2800.6, "[t]he claimant must make a positive showing of the existence of the condition prior to the fall." *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997). The only evidence that Plaintiff has adduced to prove that the floor was wet is her own observation that her pants were wet once she arrived at her car; this is insufficient to carry her burden to establish the existence of the condition on the bathroom floor that caused her fall. Next, as to constructive notice, "[t]he statute does not allow for the inference of constructive notice absent some showing," *id.*, that "the condition existed for some time period prior to the

---

[12] *Id.* at 2.

fall," *id.* at 1084–85. Here, without summary judgment evidence establishing that the floor was wet for a period of time prior to her fall, the Plaintiff has made "no showing of any period of time as required by the statute" that some hazard existed prior to her fall, which would be sufficient to establish an inference of constructive notice on the Defendants. *See id.* at 1085. Accordingly, "without any showing whatsoever of any period of time that the substance was on the floor prior to the fall," Plaintiff has not met her burden to establish that Defendants had constructive notice of the condition that caused her accident. *See id.*

## IV. CONCLUSION

For the aforesaid reasons,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 16) will be **GRANTED**, and all claims against it in the above captioned matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on this 30th day of June 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**